AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) |
| --- | --- |
| v. | ) |
| Richard Lampe, Anthony Jose Diaz Medina, Pedro Romen Semeco Molina, and Douglas Barrios | ) ) ) ) ) |
| *Defendant(s)* | |

Case No. 8:21MJ1026CPT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **January 6, 2021** in the county of **Hillsborough** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 46 U.S.C. §§ 70503, 70506; and 21 U.S.C. § 960(b)(1)(B)(ii) | Conspiracy with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

SA Ashley N. McKay, C.G.I.S.
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim. P. 4.1 and 4(d).

Date: **JANUARY 14, 2021**

*Judge's signature*

City and state: Tampa, FL

CHRISTOPHER P. TUITE, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Ashley N. McKay, being duly sworn, deposes and states the following:

1. I have been a Special Agent with the Coast Guard Investigative Service ("CGIS") since 2013. I am a graduate of the Federal Law Enforcement Training Center, Criminal Investigator Training Program and numerous other training programs related to criminal investigations. I have been assigned as a Special Agent to the Operation Panama Express Strike Force since July 2020. Operation Panama Express is a Federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: Drug Enforcement Administration ("DEA"), Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), United States Coast Guard ("USCG"), United States Attorney's Office (USAO) of the Middle District of Florida and CGIS. Special Agents assigned to Operation Panama Express investigate Transnational Criminal Organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

2. As a CGIS Special Agent, I have participated in numerous criminal investigations of individuals who are in violation of laws and statutes of the United States and the United States Code of Federal Regulations. I have been employed by the United States Coast Guard ("USCG") for over 18 years. Prior to becoming a Special Agent with CGIS, I was an Operations Specialist with the USCG,

responsible for coordinating search and rescue operations, and enforcing local, state, and federal maritime law. During my tenure with the USCG, I have also earned an Associate and Bachelor's degree from American Military University.

## Statutory Authority

3. This affidavit is submitted in support of a criminal complaint and the issuance of arrest warrants for the following individuals:

    a. Richard **LAMPE**

    b. Anthony Jose **DIAZ MEDINA**

    c. Pedro Romen **SEMECO MOLINA**; and

    d. Douglas **BARRIOS**,

all of whom are Venezuelan nationals, who knowingly and willfully conspired to possess with the intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), and possessed with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Scheduled II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), and 21 U.S.C § Section 960(b)(1)(B)(ii).

4. The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore, does not contain

2

each and every fact known to me or other law enforcement agents concerning this investigation.

5. The United States Coast Guard ("USCG") has the authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce federal laws.

### Probable Cause

6. On or about January 6, 2021, while on routine patrol in the Caribbean Sea, a Maritime Patrol Aircraft ("MPA") located a go-fast vessel ("GFV") approximately 112 nautical miles south of Santo Domingo, Dominican Republic, in international waters. The United States Coast Guard Cutter ("USCGC") STONE was diverted to investigate the GFV.

7. USCGC STONE employed warning shots, which were effective, and the GFV became dead in the water. On approach, the crew noted that the GFV displayed no indicia of nationality. The crew from the STONE observed the GFV jettison approximately four bales of suspected contraband to sea. The crew recovered the bales and conducted two narcotics identification tests on one of the bales, which were both positive for cocaine.

8. One of the individuals on board **Richard LAMPE**, claimed to be the person in charge, and claimed Venezuelan nationality for himself. **Lampe** made no claim of nationality for the vessel after being requested to do so by an officer authorized to enforce provisions of United States law. Three other individuals were found on

3

board, and they were identified as **Anthony Jose DIAZ MEDINA**, **Pedro SEMECO MOLINA**, and **Douglas BARRIOS**, all of whom claimed Venezuelan nationality for themselves.

9. Since no indicia of nationality was observed on the GFV and no claim of nationality was made for the vessel after a request was made, the GFV was treated as without nationality, and subject to the jurisdiction of the United States. USCGC RAYMOND EVANS arrived on scene, relieved USCGC STONE, and conducted a full law enforcement boarding on the GFV. Onboard the GFV, the boarding team observed additional bales of what appeared to be contraband.

10. The boarding team conducted two narcotics identification tests on one of the bales onboard the GFV, and both tested positive for cocaine. Approximately twenty nine bales were removed from the GFV. The total weight of the bales, including the four bales that had been jettisoned, had an at-sea weight of approximately 970 kilograms. The USCG boarding team conducted ion scan swipes of the vessel, which yielded three positive results for cocaine in the forward hatch, center console, and battery box, one positive result for amphetamines in the battery switches, and four negative results in the helm, top handrail, key switch, and throttles.

## Conclusion

11. Based on my training, experience, and knowledge of the investigation, I believe that there is probable cause to believe that the four defendants knowingly and willfully conspired with each other and other persons to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503 and 70506, and Title 21, United States Code, Section 960(b)(1)(B)(ii), as described herein.

_____
Ashley N. McKay
Special Agent
Coast Guard Investigative Service

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41 (d) (3), before me this 14 day of January, 2021.

_____
CHRISTOPHER P. TUITE
United States Magistrate Judge

5